

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 1, 1939

Honorable Bascom Giles
Land Commissioner
Austin, Texas

Dear Mr. Giles:

Opinion No. O-664
Re: Time for filing field notes
of land purchased by occupant
under Section 8, 1931 Sales
Act

This department acknowledges receipt of your letter of the 19th inst. You call attention to Section 6 of Chapter 271 of the Acts of the Regular Session of the 42nd Legislature (Vernon's Article 5421c) giving a preference right to one having the land enclosed and claiming it in good faith or occupied as a home, and in connection therewith propound to us the following question:

"If a person who has the alleged unsurveyed land enclosed, claiming it in good faith, or who occupies it as a home, elects to purchase such land after service of citation by the first applicant, is such person required to file his field notes in the Land Office, after making proper application to the county surveyor for the survey, within sixty days after service of citation?"

The pertinent provisions of Section 6 of the above mentioned act are as follows:

"Any one desiring to buy any of the unsurveyed land included in this Act not situated within five miles of a producing oil or gas well shall file with the county surveyor of the county in which the land may be situated, an application for survey describing

the land in such manner as will enable the surveyor to identify it and pay the surveyor a fee of One Dollar ($1.00) for filing and recording said application and also deposit with him such sum of money as will pay for citing the claimant or claimants of the land, if any, and the adjoining owners as the tax rolls may disclose the names of such claimants or adjoining owners. The surveyor using the forms prescribed by the General Land Office, shall immediately send by registered mail or hand to each claimant or adjoining owner a citation containing a description of the land sought to be surveyed and fix a date for survey. The survey shall be made and the field notes filed in the Land Office within one hundred and twenty (120) days from the filing of the application with the surveyor. If the area is found by the Commissioner to be unsurveyed and subject to sale, he shall value the land and give notice of the valuation to the applicant who may purchase the land on the same terms and conditions as prescribed by the law and the regulations for the sale of surveyed land; provided, if the area should be in the enclosure of another person claiming it in good faith, or occupied as a home by another, such holder or occupant shall have a preference right for a period of sixty (60) days after service of citation to have the land surveyed on his own application to the surveyor and on the return of the sum advanced by the first applicant for citation, and thereupon fix his right to purchase as herein provided, and in cases where a survey has been made in accordance with Article 5323, Revised Civil Statutes of 1925, and the field notes returned to the Land Office prior to August 10, 1929, the Commissioner is authorized and required to examine the field notes and if found to be correct and the land subject to sale, he shall value the same and give notice of such valuation to the applicant, and in cases where the field notes had been approved and the land valued and the applicant failed to file his application in the Land Office prior to August 10, 1929, he may do so within ninety (90) days from the passage of this Act and receive an award. All applications to purchase, except where otherwise provided, must be filed in the General Land Office within sixty (60) days from the date of the notice of valuation."

We appreciate, as stated in your letter, that the above mentioned act is ambiguous. It is not only ambiguous in

spects, as witnessed by the necessity of our courts having to construe it.  See Wintermann v. McDonald, 102 S. W. (2) 167; Humble Oil & Refining Company v. State, 104 S. W. (2) 174; Stanolind Oil & Gas Company v. State, 114 S. W. (2) 699; Sessums v. Carter, 121 S. W. (2) 486; Short v. Carter (unpublished opinion by Supreme Court of Texas); Crighton v. State (unpublished opinion by Third Court of Civil Appeals).

We shall herein refer to the one claiming the land under enclosure or occupied as a home as "occupant".

In construing the above statute to determine the time within which the occupant may return field notes to the land office without forfeiture of his preference right to purchase the land, we call attention to the fundamental principle in the construction of statutes that forfeitures are to be strictly construed and the statute will be so interpreted as to prevent, rather than cause, a forfeiture.  The courts are reluctant to declare and enforce forfeitures if by a reasonable interpretation they can be avoided.  See 19 Tex. Jur. 799, Section 4.

There are four possible constructions of the above statute as to the time when the field notes must be filed in the Land Office as follows:

1.  Within 60 days from the date that citation is served upon the occupant.

2.  Within 120 days from the date the application is filed by the original applicant.

3.  Within 120 days from the date the occupant files his application for a survey.

4.  No time limit is required by the statute, so as to require field notes to be filed within a reasonable time after the date citation is served upon the occupant.

The first construction, that is, the one which requires the filing of the field notes in the Land Office within 60 days after service of citation is, as stated in your letter, the construction that your office has placed upon the statute. You state that this seems to be the only practical construction for the reason that if the occupant is allowed the remainder of the 120 day period provided for the first applicant, or a period of 120 days after service of citation in which to file field notes in the Land Office, he could, if he so desired, defeat the rights of the first applicant by not allowing the first applicant any time after service of citation within the



Hon. Bascom Giles, May 1, 1939, Page 4

120 day period allowed to the first applicant to have a
survey made and field notes returned to the Land Office.

We are unable to agree with this construction.
The statute provides that if the area should be within the
enclosure of another person etc., "such holder or occupant
shall have a preference right for a period of sixty (60)
days after service of citation to have the land surveyed on
his own application to the surveyor". It is noticed that the
occupant may wait for a period of 60 days after service of
citation "to have the land surveyed on his own application
to the surveyor". This does not state that he must have the
field notes returned to the Land Office within the 60 day
period, but it is indicated that he must have the land sur-
veyed within 60 days. We believe, however, that the statute
is not susceptible of the strict construction that the survey
must be made within 60 days unless we are to construe the
statute as requiring the return of the field notes to the
Land Office within 60 days. We believe that it was the in-
tention of the Legislature that after an occupant is served
with citation he is given a period of 60 days to determine whether
he desired to purchase the land. The occupant is claiming
title to the land and we believe that it was the intention of
the statute to allow him a period of sixty days to make an in-
vestigation and probably make an independent survey to determine
whether he actually owns the land and then decide whether he
shall: (a) purchase the land himself, (b) contest the title
of the State, or (c) allow the original applicant to become
the purchaser without a contest. A period of sixty days is
not an unreasonable time to allow the occupant to decide
which course he will pursue, as any decision he might reach
will involve expense in consulting an attorney or a surveyor,
or both, as well as the purchase price to be paid to the
State for the land. If he should decide within the sixty
day period to purchase the land and file his application for
a survey with the County Surveyor, why should he not then
be placed in the same position as the original applicant. We
can see no reason for requiring the occupant to return field
notes to the Land Office within a shorter period of time than
that required of the original applicant. The argument advanced
by you is that if this construction is not placed on the
statute, it would allow the occupant to deprive the original
applicant of his right to purchase the land. But such is
not the necessary result. Let us say, for example, that the
original applicant has filed his application with the county
surveyor on January 1st. Under the statute the original
applicant must have the field notes returned to the Land Of-
fice within 120 days or May 1st. Let us suppose that the



surveyor issues citation and fixes April 15th as the date for a survey and further suppose that the occupant is not served with citation until March 15th. Under these conditions, as provided by the statute, the occupant would have 60 days from March 15th, or until May 15th, to have the land surveyed on his application, whereas the original applicant must have the field notes in the Land Office by May 1st. We give this example to show that it is untenable to argue that the occupant has only 60 days within which to file field notes in the Land Office in order to prevent him from interfering with the rights of the original applicant. The example may be somewhat extreme, but it is possible under the statute, since no time limit is set for service of the citation or for a survey, except that the field notes must be returned to the Land Office within 120 days.

The statute, after stating what the occupant is required to do, further provides that by doing certain acts, he shall "thereupon fix his right to purchase as herein provided". What is meant by the words, "right to purchase as herein provided"? We believe that it means filing his application with the county surveyor within 60 days from the date that he is served with a citation. In opinion No.O-433 by this Department, dated March 6, 1939, we held that the filing of an application for a survey with the county surveyor fixes the right to purchase by taking the subsequent steps required by the statute. See, also, Crighton v. State (unpublished opinion of the 3rd Court of Civil Appeals on April 26, 1939).

It is our opinion, therefore, that the occupant is not required to file field notes in the Land Office within 60 days from the date citation is served upon him.

The next construction, that is that the field notes must be returned within 120 days from the date the application is filed by the original applicant, is not, in our opinion, correct. In the first place, we can see no reason, as already stated, why the occupant should have less time to file field notes in the Land Office than that given to the original applicant. The occupant has, as already expressed by us, 60 days after the service of citation in which to file an application for a survey. If the original applicant is given 120 days after the date of the filing of the application with the surveyor to file field notes in the Land Office, we see no reason why the same length of time should not be given to the occupant.



In short, it appears to be the intention of the statute that the applicant to purchase is allowed 120 days from the date of the filing of his application within which to file field notes in the Land Office.

We believe that the third construction, that is, the field notes must be filed in the Land Office within 120 days from the date the occupant files his application, is the correct one. Our reasons for this view have already been expressed.

If, however, we are mistaken in holding that the occupant has 120 days from the date of the filing of his application within which to file field notes in the Land Office, then we ask what is the time limit? If the time limit is not 120 days from either the date of the application by the original applicant or the date of the filing of the occupant's application, and if we are correct in our contention that the 60 day period is only the time limit for filing the application, and not the return of the field notes to the Land Office, then the statute does not fix any time limit whatever for the return of field notes to the Land Office. In such case, the fourth construction would be the proper construction, that is, the field notes may be filed within a reasonable time after citation is served upon the occupant. This construction is borne out by the recent unpublished decision of the 3rd Court of Civil Appeals in the case of Crighton v. State, rendered on April 26, 1939. In that case the court had under consideration the question of the time for filing in the Land Office the field notes under an application to lease under Section 8 of the same Act under consideration. Section 8 does not state the time within which field notes must be filed. The contention was made that the provisions of section 6 of the act pertaining to the purchase of land, which requires field notes to be filed within 120 days from the date the application was filed with the county surveyor, should apply. The court, however, rejected this contention and held that since section 8 of the act was silent with reference to the time of filing field notes in the Land Office, the provisions of Section 6 would not be read into Section 8. The court said:

"While much can be said from the standpoint of policy in support of Crighton's third contention to the effect that the 120-day provision in Sec. 6 should be read into Sec. 8 of the 1931 Act, we do not find any warrant for such construction in the Act itself, which expresses the legislative intent. As stated in Short v. Carter, above:



"Thus it is apparent that the Act is a comprehensive statute, authorizing the sale and the leasing for minerals of all unsold public school land both surveyed and unsurveyed, and prescribing the terms and conditions of sales and leases. It is a statute complete in itself, except that by reference it incorporates some of the provisions of the Revised Civil Statutes.'

"The omission in Sec. 8 of a time limit in which to file field notes in the Land Office and its inclusion in Sec. 6 cannot be interpreted as other than deliberate. It is hardly to be conceived that in a matter of this importance the legislature would have left its intention to surmise or conjecture, when it would have been so simple to include a time limit in Sec. 8, if its purpose had been to do so. Absent a stated time for filing the field notes, the general rule is that a reasonable time under all the circumstances of the particular case will be implied."

We are not intending to hold that Section 6 does not fix a time limit for the filing of field notes in the Land Office, but merely state that if we are wrong in our construction that the occupant has 120 days from the date of the filing of his application, which application must be filed within 60 days from the date of the citation, then under the rule stated in the case of Crighton v. State, it is only a question of whether the field notes are filed in the Land Office within a reasonable time after filing by the occupant of application for a survey.

In the situation with which you are confronted, you state that the field notes were filed in the Land Office within 75 days from the date the citation was served upon the occupant. This, then, meets the requirements of our opinion, as set out above, if the occupant filed his application with the surveyor within sixty days of the date that citation was served upon him.

In view of what we have said and also in view of the decision in the case of Crighton v. State, it is not necessary for us to hold whether field notes must be filed within 120 days from the date of the application of the occupant. We are leaving that question undetermined. We are merely holding that if the field notes are filed by the occupant within 120 days from the date of the filing of his

Hon. Bascom Giles, May 1, 1939, Page 8


application, they are filed within sufficient time.

In this opinion, we are not, of course, attempting to pass upon the question as to whether the occupant mentioned by you is entitled to secure a lease in preference to the original applicant. There are fact questions to be determined, such as whether the area is in the enclosure of the occupant claiming it, whether the claim is in good faith, or whether the land is occupied as a home by him, or whether he has properly returned to the first applicant the sum advanced for citation.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

H. Grady Chandler
Assistant

HGC:BT

APPROVED:

ATTORNEY GENERAL OF TEXAS